**Date Signed:**
**November 28, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>FELIPE ULOI MAILEI,<br><br>Debtor. | Case No. 22-00536<br>Chapter 7<br><br>Related Dkt. No.: 34 |

### ORDER DENYING DEBTOR'S MOTION TO RECONSIDER

The debtor in this chapter 7 case filed a Motion to Reconsider (ECF 34) an order granting relief from the automatic stay to Deutsche Bank National Trust Co., as trustee ("Deutsche Bank") (ECF 22), with respect to the debtor's primary residence. In addition to lifting the automatic stay, the order provided "in rem" relief under 11 U.S.C. § 362(d)(4).

In the motion to reconsider, the debtor argues that relief from the stay should not have been granted because debtor's attorney was negligent in not opposing the Deutsche Bank's motion. Debtor alleges that Deutsche Bank never held the promissory note and mortgage and that its motion for relief from the stay was part of a "fraudulent pillaging practice." After the court entered the order granting relief from

stay, the debtor has opened an adversary proceeding against Deutsche Bank for recovery of money or property and filed a suit for wrongful foreclosure in the First Circuit Court, State of Hawaii.

The debtor has not established that the court should reconsider the order. The court would have granted the motion even if the debtor had filed a timely opposition based on the reasons stated in his motion for reconsideration. Deutsche Bank proved that, over a decade ago, the state court confirmed a foreclosure sale of the debtor's property, the foreclosure commissioner conveyed the property to Deutsche Bank, and the state court issued a writ of possession evicting the debtor from the property. The automatic stay did not protect whatever interest the debtor still had in the property. *Eden Place, LLC, v. Perl (In re Perl)*, 811 F.3d 1120, 1130 (9th Cir.), *cert. denied sub nom. Perl v. Eden Place, LLC*, 137 S.Ct. 39 (2016). The debtor obviously disagrees with the state court's decisions, but those decisions are binding, and this court must follow them.

For the above reasons, the debtor's motion for reconsideration is denied.

**END OF ORDER**